OPINION
Defendant-appellant, Billy Joe Tompkins, appeals his conviction in the Jefferson County Court of Common Pleas on one count of attempted aggravated burglary.
On April 10, 1997 at approximately 2:00 a.m., Jennifer Wagner and her boyfriend, Robert Dinger, were asleep in Wagner's apartment at the Steuben Village Apartments in Wintersville, Ohio. Wagner testified that she awoke to the sound of breaking glass as her bedroom window shattered. Both Wagner and Dinger testified that they saw appellant standing outside of the window. Wagner testified that she and appellant have a child together and had previously been engaged to be married. She also testified that appellant had repeatedly tried to reconcile with her. Wagner and Dinger testified that appellant called out Wagner's name and said he wanted to see his child. They also both testified that appellant pulled shards of glass from the window and tried to get into the apartment. However, Wagner testified that appellant was unable to get into her apartment because the glass was broken around the window.
Wagner testified that she went and picked up her baby and called security. According to Dinger, appellant threatened him by yelling loudly that "he was going to take me [Dinger] down" and "take me [Dinger] out." Wagner testified that security arrived very quickly. The security officer, William Goodrich, testified that appellant came from the back of the building and got into his car. Goodrich testified that he then stopped appellant, who was trying to drive away, and ordered him to shut off his engine. According to Goodrich, appellant sped up and drove away. Appellant was arrested later that day.
Appellant was brought to trial on July 3, 1997 which resulted in a hung jury and a mistrial. A second trial commenced on July 15, 1997. This time the jury found appellant guilty of one count of attempted aggravated burglary, in violation of R.C.2911.11 (A) (1) and 2923.02. On August 12, 1997, the trial court entered judgment on the jury's verdict and sentenced appellant to two years imprisonment. Appellant filed his notice of appeal on August 27, 1997.
Appellant's first assignment of error states:
 "THE TRIAL COURT ERRED BY ACCEPTING THE VERDICT WHEN SAID VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant argues that Wagner testified that appellant never threatened her or their daughter. Appellant further argues that Wagner testified that she did not see him with a weapon and that Dinger testified that appellant's whole body never entered the apartment. Appellant asserts that he had previously been to Wagner's apartment and knew that there were windows other than Wagner's bedroom window. Therefore, appellant claims that had he really wanted to break into Wagner's apartment, he would have gone in through the living room window because it was much larger.
Appellant next argues that the statements he made to Dinger were not threats. He points out that Wagner admitted that it was possible that appellant just wanted Dinger to leave. Also, when appellant said, "It's over," Wagner said it was possible that he meant that the relationship between herself and appellant was over.
In response, plaintiff-appellee, the State of Ohio, argues that all of the elements of attempted aggravated burglary were proved beyond a reasonable doubt. Appellee points to the testimony of Wagner and Dinger who both said that appellant attempted to pull himself through the window but was unable to because of the shards of glass. Appellee also refers to Dinger's testimony that appellant implied that he was going to harm him.
In determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. "Weight of the evidence concerns "the inclination of the greateramount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" Id. (Emphasis sic.).
In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. Id., at 390, (Cook, J., concurring). In addition, the weight to be given to the evidence and the credibility of the witnesses are primarily for the trier of the facts. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
R.C. 2911.11 defines aggravated burglary, in pertinent part, as:
 "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if any of the following apply:
 "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another [.]"
R.C. 2923.02 defines attempt, in pertinent part, as follows:
 "(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense."
Although appellant argues that he never threatened Wagner or their daughter, it was not necessary for appellee to prove that appellant threatened everyone in the apartment. Dinger testified that appellant threatened him and that he was afraid of appellant. Appellant also argues that he did not have a weapon on his person on the night in question. However, possession of a weapon is not a necessary element of attempted aggravated burglary. In addition, with respect to appellant's argument that he never entered Wagner's apartment, the trial court stated as follows:
 "I think he not only attempted to enter but he entered because when you're picking out the shards of glass, as you're grabbing those out of the window, the thumb is outside the glass but the four fingers are inside. So, that is an entry and I don't think the code [sic] requires any percentage of his body to enter as long as there is some entry." (Tr. 107).
Appellant's claim that he knew the layout of the apartment and therefore, had he wanted to enter it, he would have gone through the larger living room window also has no merit. The fact that appellant could have chosen to break a different window does not negate the fact that he broke and tried to enter through the window in Wagner's bedroom. Assuming that appellant's purpose for going to Wagner's apartment was to threaten Dinger and possibly to harm him, then he would naturally break the window of "the room where Dinger was sleeping, which he did.
Finally, appellant argues that Wagner admitted that it was possible that appellant only wanted Dinger to leave and that the relationship between appellant and Wagner was over. However, Wagner also testified that this was not the meaning she understood appellant's statements to have. Dinger testified that when appellant said to him that he would "take [him] down" and "take [him] out" Dinger thought that appellant was implying he would cause physical harm to Dinger, or worse.
The evidence presented at trial was more than sufficient for a reasonable jury to conclude that appellant was guilty of attempted aggravated burglary. Consequently, appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSES OF AGGRAVATED TRESPASS AND CRIMINAL TRESPASS."
Appellant claims that he asked the trial court to instruct the jury on the lesser included offenses of aggravated trespass and criminal trespass but that the trial court improperly overruled the motion.
R.C. 2911.211 (A) defines aggravated trespass as follows:
 "No person shall enter or remain on the land or premises of another with purpose to commit on that land or those premises a misdemeanor, the elements of which involve causing physical harm to another person or causing another person to believe that the offender will cause physical harm to him."
R.C. 2911.21 defines criminal trespass as follows:
 "(A) No person, without privilege to do so, shall do any of the following.:
 "(1) Knowingly enter or remain on the land or premises of another;"
Appellant argues that the jury could have come to the conclusion that he did trespass and threaten Dinger but that he did not enter Wagner's apartment, thus finding him guilty of aggravated trespass. Appellant also argues that the jury could have found that he trespassed but did not threaten Dinger or enter Wagner's apartment, thereby finding him guilty of criminal trespass.
The Supreme Court of Ohio has held that an offense may be a lesser-included offense of a greater offense if:
 "(i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." State v. Deem (1988), 40 Ohio St.3d 205, 209
Inasmuch as the jury could have come to the conclusion that appellant did trespass and threaten Dinger, but did not enter Wagner's apartment, appellant could have been found guilty of aggravated trespass. Further, as the jury could likewise have found that appellant trespassed, but did not threaten Dinger or enter Wagner's apartment, appellant could have been found guilty of criminal trespass.
There was certainly sufficient evidence presented to warrant the inclusion of instructions to the jury on lesser-included offenses, particularly in light of the fact that at no time was it alleged that appellant entered the Wagner apartment. Furthermore, there was arguably insufficient evidence to find that appellant threatened Dinger. However, there was evidence presented to indicate that appellant may have committed a criminal trespass.
As such, we find that the dictates of Deem, supra, were met in this case and therefore, the trial court should have instructed the jury on the foregoing lesser-included offenses.
Accordingly, appellant's second assignment of error is found to be with merit.
For the reasons stated above, the decision of the trial court is hereby affirmed in part, reversed in part and remanded to the trial court for further proceedings in accordance with law and consistent with this opinion.
Donofrio, J., concurs in part and dissents in part. See concurringin part and dissenting in part opinion.
Vukovich, J., concurs.
 APPROVED: ______________________________ EDWARD A. COX, PRESIDING JUDGE